**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SAS INSTITUTE INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>WORLD PROGRAMMING LIMITED, ET AL.,<br><br>*Defendants*. | Civil Action No. 2:18-cv-00295-JRG<br><br>**Jury Trial Demanded** |

**DEFENDANTS MINEQUEST BUSINESS ANALYTICS, LLC AND MINEQUEST LLC'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3) AND FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2)**

# TABLE OF CONTENTS


I. BACKGROUND ..... 2

a. SAS's Allegations ..... 2

b. MineQuest Corporate Structure ..... 2

c. The MineQuest Entities' Lack of Connections with this District ..... 3

d. MineQuest and World Programming ..... 3

i. Sales ..... 4

ii. Marketing ..... 4

II. LEGAL STANDARD ..... 4

III. ARGUMENT ..... 6

a. Venue is improper in this District because, analyzing this District as if it were a separate state, personal jurisdiction does not exist over the MineQuest Defendants ..... 7

i. The MineQuest Defendants lack sufficient "minimum contacts" with the Eastern District ..... 7

ii. The exercise of jurisdiction would offend traditional notions of fair play and substantial justice given the MineQuest Defendants' lack of Texas ties and the non-Texas nature of this dispute. ..... 11

b. This Court lacks personal jurisdiction to hear SAS's claims against MineQuest Ohio, which has not existed since 2011. ..... 12

IV. CONCLUSION ..... 12

Plaintiff SAS Institute Inc. ("SAS") brings claims for copyright infringement against the MineQuest Defendants—without facts supporting proper venue and personal jurisdiction. Indeed, Defendants MineQuest LLC ("MineQuest Ohio") and MineQuest Business Analytics, LLC ("MineQuest," and collectively with MineQuest Ohio, the "MineQuest Defendants") have no relevant ties to this District.

MineQuest Ohio is a defunct Ohio LLC that has not operated since 2011 (and never operated in Texas even when it existed nearly a decade ago). MineQuest is an Arizona company, with its principal and only place of business in Arizona, with its one and only employee in Arizona, and with no operations in Texas. Yet the MineQuest Defendants find themselves accused of copyright infringement in a Texas federal court, located in a district with which they have had no contacts related to this action. With *no* ties to this District relevant to SAS's claims, the MineQuest Defendants would not be subject to personal jurisdiction in this District if it were its own state. As a result, venue in this District is improper, and SAS's copyright infringement claims against the MineQuest Defendants must be dismissed. In addition, because MineQuest Ohio ceased to exist in 2011, it lacks any ties to the entire state of Texas that are relevant to this lawsuit, and the claims against it should be dismissed for a lack of personal jurisdiction as well.[1] In short, SAS's claims against MineQuest should be dismissed for improper venue, and its claims against MineQuest Ohio should be dismissed for improper venue and lack of personal jurisdiction.

[1] Defendant World Programming Limited ("World Programming"), the creator of the accused product or products, and other defendants, have conferred with SAS, and, absent an agreement, are also planning to file a motion to sever and stay SAS's claims against the alleged customers and resellers, including the MineQuest Defendants. That motion will explain why SAS's reseller and customer claims are peripheral to SAS's claims against World Programming and why adjudicating the World Programming claims will likely dispose of the reseller and customer claims. *See, e.g.*, *Saint Lawrence Commc'ns LLC v. Apple Inc.*, 2:16-CV-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017) (Gilstrap, J.) (quoting *Shifferaw v. Emson USA*, 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010) (Everingham, M.J.)).

## I. BACKGROUND

### a. SAS's Allegations

In its Original Complaint, SAS makes mostly undifferentiated allegations against nine defendants. In short, SAS alleges that these defendants infringe unspecified SAS copyrights in its software, the SAS System, and in manuals that SAS created to accompany this software. *See* Dkt. 1 at, *e.g.*, ¶ 2. While SAS's allegations are impermissibly vague, SAS generally accuses a product or products manufactured by one defendant, World Programming Limited. *Id.*

In one short section, the complaint explains the difference between the defendants, breaking them down into three categories. First is World Programming, which allegedly infringes by manufacturing and selling the accused product(s). *E.g.*, *id.* at ¶ 3. In the middle are alleged resellers of World Programming's products. *Id.* at ¶ 64. SAS alleges that the MineQuest Defendants resell World Programming software. *Id.* Finally, at the bottom are alleged customers of World Programming software. *Id.* at ¶ 69–70.

With respect to venue and jurisdiction for the MineQuest Defendants, SAS claims only generally that the defendants can be found in this district and alleges that they regularly provide, sell, or offer to sell World Programming software to customers in Texas and in this district. Dkt. 1 at ¶¶ 20–21; *see also id.* at ¶¶ 9–10 ("On information and belief, [the MineQuest Defendants] regularly provide[], sell[], or offer[] to sell infringing WPS software to customers in the State of Texas and this judicial district.").

### b. MineQuest Corporate Structure

Throughout its history, MineQuest has been a one-person business, and its practice is to incorporate in the state where that person lives. Ex. 1 (Declaration of Phil Rack dated October 17, 2018 ("Rack Decl.")) at ¶ 4. Phil Rack is the founder, CEO, and only employee of the MineQuest Defendants and their related entity, MineQuest Business Analytics, LLC ("MineQuest

Michigan”). *Id.* In August 2002, Phil Rack formed MineQuest Ohio as an Ohio LLC, which operated until its dissolution in December 2011. *Id.* at ¶ 2; Ex. 2 (Ohio Secretary of State’s Certificate of Dissolution for MineQuest Ohio). MineQuest Ohio has not operated since its dissolution nearly eight years ago. Ex. 1 (Rack Decl.) at ¶ 2. Yet despite MineQuest Ohio’s years of inactivity, SAS still names it as a defendant in this lawsuit.

In March 2012 in Michigan, Mr. Rack formed MineQuest Michigan. *Id.* MineQuest Michigan operated until its dissolution on January 1, 2016. *Id.* SAS has not named MineQuest Michigan as a defendant in this lawsuit.

In November 2015, in moving to Arizona, Mr. Rack formed MineQuest, the only operational MineQuest entity. *Id.* SAS names MineQuest as a defendant in this lawsuit.

**c. The MineQuest Entities’ Lack of Connections with this District**

MineQuest operates out of Mr. Rack’s home office in Tuscon, Arizona, with no other offices, operations, warehouses, property, or interests in real property in the state of Texas (or in the Eastern District of Texas). *Id.* at ¶¶ 7–8. Beyond Mr. Rack, MineQuest has no other employees, contractors, or consultants—in Texas or otherwise. *Id.* at ¶ 8. MineQuest currently does not pay taxes in Texas and is not registered to do business there. *Id.* MineQuest maintains no agent for service of process, address, phone number, or bank account in Texas. *Id.*

These same facts were true for MineQuest Ohio and MineQuest Michigan when they existed. *Id.*

**d. MineQuest and World Programming**

While MineQuest does resell World Programming software, it has not sold the software to any customers in this district nor specifically targeted any customer in this district within the limitations period:

**i. Sales**

Since July 18, 2015, MineQuest and MineQuest Michigan licensed World Programming software to two Texas customers, accounting for only twenty-three hundredths of one percent of the MineQuest entities' gross sales during that time. *Id.* at ¶ 11. One of these customers is in Dallas, and the other is in Austin; neither is in this District. *Id.* In short, within the three-year statute of limitations period for a copyright infringement claim, no MineQuest entity has sold or licensed the allegedly infringing software to a customer in this District. *See id.*

**ii. Marketing**

MineQuest markets World Programming software through its website, www.minequest.com, which provides basic information about the product. *Id.* at ¶ 12. A customer cannot download, purchase, license, or install any World Programming product through the MineQuest website. *Id.* A customer can submit a request for more information, such as a price quote, but this function simply permits a customer to contact MineQuest. *Id.* Nothing about MineQuest's marketing and advertising efforts, on its website or otherwise, specifically targets Texas or customers anywhere in Texas. *Id.* at ¶ 13.

Beginning in June 2018, MineQuest also began marketing by mail, but only upon request by a potential customer. *Id.* at ¶ 14. When a potential customer reaches out to MineQuest for more information, MineQuest sends a standard brochure to the customer. *Id.* MineQuest sends this brochure only when asked, and MineQuest has never mailed this brochure to a potential customer in Texas. *Id.*

## II. LEGAL STANDARD

SAS asserts only copyright claims against the MineQuest Defendants. "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or

may be found." 28 U.S.C. § 1400(a). "Innumerable courts have held that a defendant 'may be found' in any district in which he or she may be subject to personal jurisdiction, as analyzed as if the district were a separate state." *Funimation Entm't v. Does 1 - 1,427*, 2:11-CV-00269, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013) (Gilstrap, J.). Thus, venue is proper for SAS's claims against the MineQuest Defendants only if the MineQuest Defendants would be subject to personal jurisdiction here, analyzing this District as if it were a separate state.

A federal court has personal jurisdiction over a defendant only if (1) the state's long-arm statute applies and (2) due process is satisfied under the Fourteenth Amendment. *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because Texas's long-arm statute reaches as far as federal due process, this two-step inquiry collapses into the federal due process analysis. *Id*. Under this analysis, personal jurisdiction exists only if a plaintiff proves "(1) that the non-resident purposely availed himself of the benefits and protections of the forum . . . by establishing minimum contacts with the [forum]; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id*. (quotations omitted). The "minimum contacts" prong can be met either by a showing of specific jurisdiction or general jurisdiction, each of which is discussed below. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the existence of jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *J-L Chieftan, Inc. v. Western Skyways, Inc.*, 351 F. Supp. 2d 587, 595 (E.D. Tex. 2004) (Folsom, J.); *Mieczkowski v. Masco Corp.*, 997 F. Supp. 782, 784 (E.D. Tex. 1998) (Folsom, J.). While courts in the Eastern District have reached different

conclusions about which party bears the burden on a venue challenge,[2] this Court has placed the burden of demonstrating proper venue on the plaintiff in the copyright context under § 1400(a). *Funimation*, 2013 WL 5200453 at *2 ("Once a defendant raises the issue of proper venue by motion, the burden of sustaining venue lies with the plaintiff."). This approach is especially appropriate in the copyright context because the applicable venue statute, § 1400(a), incorporates personal jurisdiction standards, which place the burden of proof on the plaintiff. Thus, SAS bears the burden of proving that venue is proper and that personal jurisdiction exists.

To determine whether personal jurisdiction exists, a court may consider the contents of the record, including affidavits, interrogatories, depositions, and oral testimony. *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002). A court must take as true the complaint's uncontroverted allegations, but conclusory allegations, even if uncontroverted, need not be credited. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir. 1996).

## III. ARGUMENT

Analyzing the Eastern District of Texas as if it were its own state, neither MineQuest nor MineQuest Ohio has sufficient contacts on which to base personal jurisdiction, making venue improper. The MineQuest Defendants have no contacts with the Eastern District that could give rise to SAS's infringement claims. Indeed, they lack *any* meaningful relevant connections to this District (let alone "continuous and systematic" ones). For these same reasons, exercising personal

---

[2] *Compare, e.g.*, *Watts v. L-3 Commc'ns Corp.*, 2:12-CV-28-JRG, 2012 WL 4480721, at *1 (E.D. Tex. Sept. 26, 2012) (Gilstrap, J.) ("Upon the filing of a Rule 12(b)(3) motion, the burden of proving proper venue shifts to the Plaintiff"), *with, e.g.*, *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 733 (E.D. Tex. 1998) (Schell, J.) ("The burden to demonstrate why venue is improper and why the forum should be changed lies with the movant"); *see also Intellectual Ventures II LLC v. FedEx Corp.*, 2:16-CV-00980-JRG, 2017 WL 5630023, at *5 (E.D. Tex. Nov. 22, 2017) (Gilstrap, J.) (discussing the burden of proof question in the patent venue context).

jurisdiction over the MineQuest Defendants would offend notions of fair play and substantial justice. Venue is improper, and SAS's claims against the MineQuest Defendants should be dismissed.

Additionally, because MineQuest Ohio has not operated at all for almost eight years, let alone in the State of Texas, MineQuest Ohio cannot be subject to personal jurisdiction for copyright infringement here. Thus, in addition to dismissing the claims against the MineQuest Defendants for improper venue, the Court should also dismiss the claims against MineQuest Ohio for a lack of personal jurisdiction.

**a. Venue is improper in this District because, analyzing this District as if it were a separate state, personal jurisdiction does not exist over the MineQuest Defendants.**

**i. The MineQuest Defendants lack sufficient "minimum contacts" with the Eastern District.**

A defendant's contacts with the forum state can give rise to either specific or general jurisdiction. *Daimler AG*, 571 U.S. at 126–27. Specific jurisdiction exists where a lawsuit arises out of the defendant's contacts with the forum. *Id*. at 127. On the other hand, if a defendant's contacts with the forum state are sufficiently "continuous and systematic," a court may have general jurisdiction over the defendant, even where the suit is unrelated to these contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). Under either test, the MineQuest Defendants lack sufficient minimum contacts, and this Court lacks jurisdiction over them.

**(1) This Court lacks specific jurisdiction over the MineQuest Defendants because none of SAS's copyright claims arise out of World Programming-related sales or contacts in this District.**

"Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quotations

omitted). For specific jurisdiction, the Fifth Circuit requires that "the plaintiff's cause of action arise[] out of or result[] from the defendant's forum-related contacts." *Id.* at 433. Personal jurisdiction cannot rest on a defendant's contacts with the forum that occurred outside the three-year statute of limitations period for a copyright claim. *See Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015) ("[T]he only acts alleged to have been performed by the individual Defendants in this District are concerts that occurred at least seventeen years ago. Given the three-year statute of limitations for copyright claims, these performances are not contacts upon which the Court may base its exercise of specific jurisdiction."). Since June 18, 2015—that is, within the limitations period—the MineQuest Defendants had no World Programming-related sales, licenses, offers of sale, or marketing in the Eastern District or to Eastern District customers. Because they have had *no* contacts with this District that could give rise to SAS's claims in this action, the MineQuest entities lack the minimum contacts needed for specific jurisdiction.

MineQuest Ohio has not existed or operated since 2011. Ex. 1 (Rack Decl.) at ¶ 2; Ex. 3 (Ohio Secretary of State Page for MineQuest Ohio). Since its dissolution almost eight years ago, MineQuest Ohio has not had any operations or financial activity. Ex. 1 (Rack Decl.) at ¶ 6. Because MineQuest Ohio has not had any operations since 2011, it has no contacts with Texas that could possibly give rise to SAS's copyright claims (which must have accrued after July 2015 under the three-year limitations period). *See RN'D Prods., Inc. v. Walt Disney Records Direct*, CV H-17-142, 2017 WL 4890022, at *4 (S.D. Tex. Oct. 30, 2017) (dismissing copyright infringement claims for lack of minimum contacts and specific jurisdiction where defendant was a dormant entity that had "not had any financial activity" since about 11 years before plaintiff filed suit). Thus, MineQuest Ohio would not be subject to personal jurisdiction in the Eastern District analyzed as a separate state, making venue improper.

As to MineQuest, the analysis remains simple. Since July 18, 2015 (within the limitations period), MineQuest has not sold, licensed, or offered World Programming products to even a single customer in this district. Ex. 1 (Rack Decl.) at ¶ 9.[3] Through its generic marketing, directed neither to Texas as a whole nor to this District, MineQuest has not sent any World Programming marketing brochures to Texas businesses. *Id*. at ¶ 14. And it has not done anything specific to Texas or this District on its website, which passively provides information without engaging with potential customers. *Id*. at ¶ 12–13. With no relevant contacts with this District, MineQuest cannot be subject to personal jurisdiction here. *See Tran Enters., LLC v. Dao*, CIV.A. H:10-1347, 2010 WL 5092968, at *3 (S.D. Tex. Dec. 7, 2010) (finding no minimum contacts to support specific jurisdiction on a copyright claim where "there [was] neither an allegation nor any evidence that Defendant has directed any sales of the allegedly infringing Royal Jelly No. 63 in Texas, nor even that there have been *any* sales of Defendant's products in Texas" (emphasis original)). For these reasons, venue is not proper in this district.

**(2) This Court lacks general jurisdiction over the MineQuest Defendants, who have no ongoing relationship with the Eastern District.**

General jurisdiction looks to whether a nonresident defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum [s]tate," regardless of whether those contacts give rise to the specific claims at issue. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotations omitted). In 2014, the

[3] MineQuest sold allegedly infringing software to two customers in the state of Texas since July 2015, but neither customer is in this District. While these sales may matter for this Court's personal jurisdiction over MineQuest (which MineQuest does not challenge), they do not impact the venue analysis because they were to customers outside of this District. *See Allman v. Jones*, 4:14-CV-142-BJ, 2014 WL 11515858, at *3 (N.D. Tex. Sept. 24, 2014) (copyright plaintiff did not make prima facie showing of proper venue where defendant sold to customers in other Texas districts but not to customers in the forum). These sales are irrelevant to the venue analysis.

Supreme Court's decision in *Daimler AG v. Bauman* raised the bar for general jurisdiction by holding that the "paradigm forum[s]" for the exercise of general jurisdiction are an individual's domicile and a corporation's state of incorporation and principal place of business. 571 U.S. at 137–38. The Court acknowledged that there may be a situation where a defendant is subject to general jurisdiction in other places, but this scenario represents the "exceptional case." *Id*. at 139 n.19; *see also Monkton*, 768 F.3d at 432 ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

Raising the bar further, the Supreme Court more recently held that a Delaware railroad company with its principal place of business in Texas was not subject to general jurisdiction in Montana, where it had 2,100 workers (4.88% of its workforce) and 2,061 miles of track (6% of its total mileage). *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1554–55, 1558–59 (2017). Few courts have had the opportunity to apply *Tyrrell*, but even under the lower bar of *Daimler*, courts frequently find personal jurisdiction lacking. In *Clasen v. National Board of Osteopathic Medical Examiners, Inc.*, for example, this Court found general jurisdiction lacking where the non-resident defendants had no office or physical presence in Texas, even though some of the defendants had contractors and registered agents in the state. 4:15-CV-625-DBB, 2015 WL 9489507, at *5 (E.D. Tex. Dec. 30, 2015), *report and recommendation adopted*, 6:15-CV-625, 2016 WL 890675 (E.D. Tex. Mar. 9, 2016).[4]

[4] Nor can generic website activity support general jurisdiction. *See Clasen*, 2015 WL 948507 at *5 (website "generally accessible to anyone anywhere in the United States and [that] d[id] not specifically target Texas residents" did not support general jurisdiction); *Nana Joes, LLC v. Microbiotic Health Foods, Inc.*, 4:17-CV-00784, 2018 WL 905531, at *3 (E.D. Tex. Feb. 15, 2018) (under *Daimler AG*, "[a] corporation is deemed at home in its place of incorporation and its principle place of business. Defendant is a California corporation with its principle place of business in California. Defendant's website activity does not render Defendant 'at home' in Texas.") (internal citations omitted).

The MineQuest Defendants' contacts with Texas do not meet this high threshold, falling far short of even the insufficient contacts in *Clasen*. As a one-person business, owned and operated by Mr. Rack alone, MineQuest has no offices beyond Mr. Rack's home office in Arizona, and no other employees or contractors (in Texas or elsewhere). Ex. 1 (Rack Decl.) at ¶ 7–8. MineQuest has no offices, operations, warehouses, employees, or interests in real property in Texas or this District. *Id.* at ¶ 8. MineQuest does not pay taxes in Texas, is not registered to do business here, and has no agent for service of process, address, phone number, or bank account in Texas or in the Eastern District. *Id.* These facts were also all true for MineQuest Ohio when it existed and was operational. *Id.*

These sporadic contacts fall far short of the requirements for general jurisdiction, as set forth in *Tyrell* and even *Daimler AG*. Under this analysis, the MineQuest Defendants lack sufficient minimum contacts with this District; personal jurisdiction does not exist in this District, warranting dismissal on venue grounds.

**ii. The exercise of jurisdiction would offend traditional notions of fair play and substantial justice given the MineQuest Defendants' lack of Texas ties and the non-Texas nature of this dispute.**

Because the MineQuest Defendants lack sufficient minimum contacts with this District, the Court need not reach the fair play and substantial justice element of the jurisdictional inquiry. *See, e.g.*, *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000) ("Only if the nonresident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with traditional notions of fair play and substantial justice."). Nevertheless, exercising jurisdiction in this District would offend traditional notions of fair play and substantial justice. An Arizona company and a now-defunct Ohio company, each with no relevant contacts in this District, should not be forced to

defend here a North Carolina plaintiff's lawsuit, which arises primarily from a United Kingdom company's conduct in the U.K. At bottom, nothing about SAS's claims against the MineQuest Defendants relates to this District. The exercise of jurisdiction would offend traditional notions of fair play and substantial justice, and personal jurisdiction does not exist in this District for this reason as well.

**b. This Court lacks personal jurisdiction to hear SAS's claims against MineQuest Ohio, which has not existed since 2011.**

On top of dismissal on improper venue grounds, the Court should dismiss SAS's claims against MineQuest Ohio for lack of personal jurisdiction. For MineQuest Ohio, the facts recited above are true for the entire state of Texas. In short, MineQuest Ohio has not existed or operated since 2011, and even when it did, it had no meaningful connections to Texas. Whatever contacts MineQuest Ohio may have had with Texas before 2011 are far outside the three-year limitations period in this case, so they cannot be the basis for specific jurisdiction. And there are no contacts that can satisfy the demanding standard for general jurisdiction, nor has SAS alleged any. Thus, SAS's claims against MineQuest Ohio should be dismissed for the independent reason that the Court lacks personal jurisdiction.

## IV. CONCLUSION

SAS cannot sue for copyright infringement in this District an Arizona company with no actionable sales or activities in this District and an Ohio company that dissolved eight years ago. In addition, a lack of personal jurisdiction demands dismissal of SAS's claims against MineQuest Ohio, which ceased all operations and financial activity long before the three-year statute of limitations applicable to SAS's claims. SAS's claims against MineQuest should be dismissed for improper venue, and its claims against MineQuest Ohio should be dismissed for improper venue and lack of personal jurisdiction.

Dated: October 22, 2018

Respectfully submitted,

*/s/ Timothy S. Durst*
Timothy S. Durst
SBN: 00786924
tim.durst@bakerbotts.com
Susan Kennedy
SBN: 24051663
susan.kennedy@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201
(p) 214-953-6500
(f) 214-953-6503

Christopher V. Ryan
SBN: 24037412
chris.ryan@bakerbotts.com
Syed K. Fareed
SBN: 24065216
syed.fareed@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.
Austin, TX 78701
(p) 512-322-2500
(f) 512-322-2501

**ATTORNEYS FOR DEFENDANTS MINEQUEST BUSINESS ANALYTICS, LLC AND MINEQUEST LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of this document has been served on October 22, 2018, to all counsel of record who are deemed to have consented to electronic service though the Court's CM/ECF system.

*/s/ Timothy S. Durst*
Timothy S. Durst