# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SAS INSTITUTE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> WORLD PROGRAMMING LIMITED, ET AL., <br><br> *Defendants*. | Civil Action No. 2:18-cv-00295-JRG <br><br> **Jury Trial Demanded** |

## DEFENDANT WORLD PROGRAMMING LIMITED'S
## RULE 12(b)(6) MOTION TO DISMISS
## PLAINTIFF SAS INSTITUTE INC.'S COPYRIGHT INFRINGEMENT CLAIMS

## **TABLE OF CONTENTS**

I.   BACKGROUND ........................................................................................................... 2

    a.   SAS's first copyright infringement loss – in the United Kingdom ......................... 3

    b.   SAS's second copyright infringement loss – in North Carolina ............................. 3

    c.   SAS's third try at copyright infringement – the current lawsuit ............................. 5

II.  LEGAL STANDARD .................................................................................................. 6

    a.   Federal pleading standards ....................................................................................... 6

    b.   Pleading a copyright infringement claim ................................................................ 7

III. ARGUMENT ................................................................................................................ 7

    a.   SAS fails to allege ownership of any specific registered copyrights that Defendants allegedly infringe. ................................................................................. 8

    b.   SAS fails to allege by what acts and during what time Defendants allegedly infringed SAS's copyrights, as required by the Federal Rules. ............................. 10

IV. CONCLUSION ........................................................................................................... 12

Plaintiff SAS Institute Inc. has not stated a viable copyright infringement claim, and its complaint lacks necessary allegations—including even the basic identification of the copyrights at issue. This lack of specificity may be an effort to avoid an early judgment on preclusion or statute of limitations grounds. After all, this case is SAS's *third* attempt to pursue copyright claims against Defendant World Programming Limited—having already lost twice, first in the United Kingdom, and more recently in its home forum of the Eastern District of North Carolina.

Despite years of litigation involving copyright claims, SAS has not pleaded the necessary basic allegations of a copyright infringement claim. A comparison between the suit SAS filed in North Carolina and this suit shows that SAS knows how to specifically plead. *Compare* Ex. 1, E.D.N.C. No. 5:10-CV-25, Dkt. 1-2 (SAS's list of nearly 100 of the Manuals' copyrights attached to its North Carolina complaint), *and* Ex. 2, E.D.N.C. No. 5:10-CV-25, Dkt. 1 (SAS's North Carolina complaint, identifying the copyright registration dates and numbers of specific versions of SAS software that World Programming allegedly infringed), at ¶ 36, *with* Dkt. 1 (SAS's complaint in this action, with no mention of any specific copyright). Having twice lost on its software copyright claims and agreeing to dismiss with prejudice its manual copyright claims, SAS fails to allege the essential first half of a copyright infringement claim—identification of the registered copyright at issue. Its claims must be dismissed.

Not only has SAS failed to plead that its infringement allegations are based on registered copyrights, much less any specific copyright that it claims is infringed, but it has also failed to identify, with the specificity demanded by federal pleading standards, by what acts and during what time any infringement occurred. Because of these pleading deficiencies, SAS fails to state a plausible claim to relief, masking the potentially dispositive preclusive effect of SAS's prior suits behind vague allegations of infringement.

For each of these reasons, SAS fails to state a claim upon which relief can be granted and, as such, its copyright claims must be dismissed. Defendant World Programming Limited ("World Programming") therefore moves this Court to dismiss SAS's copyright infringement claims (Counts One through Four) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]

## I.  BACKGROUND

Now before a *third* trial court, SAS's copyright infringement claims have a long background. This winding history sheds light on the current lawsuit and, in particular, the deficient allegations in SAS's complaint.[2] SAS first sued World Programming for copyright infringement almost a decade ago, in World Programming's home forum, the United Kingdom; SAS then filed another copyright lawsuit against World Programming in SAS's place of incorporation, the Eastern

---

[1] World Programming and other defendants have conferred with SAS and, absent an agreement, are also planning to file a motion to sever and stay both the copyright and patent claims against World Programming resellers and customers. *See* Dkt. 1 at ¶¶ 61–71. Defendants will separately file this motion, which will explain why SAS's reseller and customer claims are peripheral to SAS's claims against World Programming and why adjudicating the World Programming claims will likely dispose of the reseller and customer claims. *See, e.g.*, *Saint Lawrence Commc'ns LLC v. Apple Inc.*, 2:16-CV-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017) (Gilstrap, J.) (quoting *Shifferaw v. Emson USA*, 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010) (Everingham, M.J.)). In addition, should SAS be granted leave to re-plead its copyright claims, World Programming may seek a transfer of SAS's copyright claims to the Eastern District of North Carolina—a court located in SAS's state of incorporation, Dkt. 1 at ¶ 7, and that has already granted summary judgment for World Programming on copyright claims by SAS. In the meantime, however, SAS's failure to identify *any* registered copyright prevents World Programming from understanding whether litigation would be clearly more convenient before the federal court that already granted summary judgment on SAS's previous copyright claims.

[2] On this motion to dismiss, the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In addition, "[f]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *See, e.g.*, *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (finding no error in district court's use of court orders from a different state court proceeding). This motion cites public orders and pleadings from SAS's two previous losses and attaches copies as exhibits for the Court's convenience.

District of North Carolina.  The U.K. trial court entered final judgment for World Programming on almost all of SAS's claims over five years ago, finding that U.K. copyright law did not protect the aspects of the SAS program that SAS claimed World Programming reproduced.  Meanwhile, in the North Carolina lawsuit, the district court granted World Programming's motion for summary judgment against SAS's copyright claims on similar grounds.  The Fourth Circuit later held SAS's copyright claims were moot.  Now, in its complaint in this case, SAS brings similar allegations of copyright infringement, but has failed to identify the copyrights at issue, perhaps in an attempt to stave off a preclusion ruling in this third lawsuit.

      a.      **SAS's first copyright infringement loss – in the United Kingdom**

The genesis of SAS's litigation against World Programming dates back to September 2009 when SAS sued World Programming in the United Kingdom—a lawsuit SAS fails to even mention in its complaint.  *See* Ex. 3, 4th Cir. No. 16-1808, Dkt. 99 (4th Circuit Opinion, October 24, 2017), at 5.  SAS claimed World Programming infringed copyrights in SAS's software components and manuals.  *Id*.  Over five years ago, after conducting a complete trial, the U.K. court found that World Programming had not infringed any protectable component of SAS's software or manuals by producing its own software.  Ex. 4, E.D.N.C. No. 5:10-CV-25, Dkt. 320-2 (Final Judgment of the U.K. High Court, January 25, 2013), at ¶¶ 48, 54.

      b.      **SAS's second copyright infringement loss – in North Carolina**

About four months after suing World Programming in the United Kingdom, SAS filed a lawsuit in the Eastern District of North Carolina, alleging copyright infringement and state-law claims that appeared to be based on the same conduct as the United Kingdom lawsuit.  Ex. 2, E.D.N.C. No. 5:10-CV-25, Dkt. 1 (SAS's Original Complaint in North Carolina, January 19, 2010).  As in the United Kingdom lawsuit and this one, SAS alleged infringement of copyrights for its software and manuals.  *Id*.

Unlike this case, however, SAS identified in its North Carolina complaint the specific registered copyrights at issue. *Id.* at ¶ 36; Ex. 1, E.D.N.C. No. 5:10-CV-25, Dkt. 1-2 (Exhibit A to SAS's Original Complaint in North Carolina). The district court granted summary judgment for World Programming on SAS's claims for its software copyrights, holding:

> It is undisputed that the parties' programs implement the idea of an SAS Language in different ways as their programs are not written in the same programming languages. Thus, the court finds that, on this record, there is no genuine issue of material fact that [World Programming] has not infringed [SAS's] software copyrights.

Ex. 5, E.D.N.C. No. 5:10-CV-25, Dkt. 296 (Summary Judgment Order, September 29, 2014), at 30 (record citations and footnote omitted). SAS later dismissed its claim for copyright infringement of its manuals, *with prejudice*. Ex. 6, E.D.N.C. No. 5:10-CV-25, Dkt. 454 (Stipulation of Dismissal of Manual Claims with Prejudice, September 9, 2015). SAS prevailed on its separate state-law claims and was awarded damages, but the district court refused to enter an injunction.

On appeal, the Fourth Circuit ruled that SAS's copyright infringement claim was moot. Ex. 3, 4th Cir. No. 16-1808, Dkt. 99 (4th Circuit Opinion, October 24, 2017), at 32–33. During briefing and at oral argument, SAS had made clear that the only relief it sought from its copyright infringement claim that it had not already received from its separate state-law claims was an injunction. *Id*. at 33. Having already affirmed the district court's denial of the injunction, the Fourth Circuit held that the copyright-infringement claim was moot because there was no effective relief available in federal court that SAS had not already received. *Id*. at 32–33. The Fourth Circuit vacated the district court's ruling on "the now-moot copyright issue," and remanded with instructions to dismiss, which the district court did, without prejudice. *Id*. at 33; Ex. 7, E.D.N.C. No. 5:10-CV-25, Dkt. 753 (Second Amended Judgment, May 3, 2018).


### c. SAS's third try at copyright infringement – the current lawsuit

In this case, SAS asserts what seem like familiar claims for copyright infringement. Dkt. 1 at ¶¶ 252–93; *id*. at 63 ¶¶ F, G. But in its 65-page complaint SAS does not: (1) identify the copyrights that Defendants allegedly infringed, (2) claim that its allegations are based on registered copyrights, or (3) state by what acts or when the alleged infringement took place—let alone when it took place within the limitations period. *See generally id*. SAS provides no registration numbers, registration dates, or copies of registrations. While alleging that SAS has registered *some* copyrights, the complaint never says whether those copyrights are the ones Defendants allegedly infringe. These omissions render SAS's complaint inadequate under federal pleading standards, and these copyright claims must be dismissed.

While SAS has not identified the copyrights at issue, some of its allegations appear similar to the claims SAS already lost in the U.K. and North Carolina cases, with SAS making allegations about conduct that occurred over fifteen years ago.[3] Beyond addressing actions from outside the limitations period, SAS never identifies by what acts and during what time any of Defendants' alleged infringement occurred, as it must do in pleading a claim for copyright infringement.[4] These omissions justify dismissal.

---

[3] In one instance, SAS dredges up allegations from the North Carolina litigation that the court there dismissed on summary judgment and that SAS did not appeal. In its present complaint, SAS alleges that World Programming engaged in a "series of illegal and illicit behaviors" in creating its software, including by "wrongfully convinc[ing] a SAS customer to let WPL use the customer's licensed version of the SAS software . . ." Dkt. 1 at ¶¶ 4–5. SAS used this allegation as the basis for its claim for tortious interference with a contract in the North Carolina case, and lost on summary judgment. Ex. 5, E.D.N.C. No. 5:10-CV-25, Dkt. 296 (Summary Judgment Order, September 29, 2014), at 34–36. SAS, having already lost on this exact issue, nonetheless repeats its rejected allegation.

[4] As set forth in the section below, "a properly plead copyright infringement claim must allege: (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright." *Sefton v. Jew*,

## II. LEGAL STANDARD

### a. Federal pleading standards

SAS's copyright claims must be dismissed under Rule 12(b)(6) because they do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On this motion to dismiss, the Court may consider certain documents outside the complaint, including those from the North Carolina litigation that are matters of public record and those central to SAS's copyright claims and that SAS's complaint references. *Lone Star Fund*, 594 F.3d at 387; *Bayless*, 70 F.3d at 372 n.3.

While the Court must accept as true all well-pleaded allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotations and alterations omitted).

In this two-pronged approach, the trial court must first identify allegations amounting to no more than conclusions and give them no assumption of truth. *Iqbal*, 556 U.S. at 679. Next, the court conducts a context-specific analysis of whether "the factual allegations in [the] complaint . . . plausibly suggest an entitlement to relief" by relying on the court's judicial experience and common sense. *Id*. at 679, 681. "A claim has facial plausibility when the plaintiff pleads factual

---

201 F. Supp. 2d 730, 747 (W.D. Tex. 2001); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *see also Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, CIV.A. 07-2253-DJW, 2008 WL 917507, at *2 (D. Kan. Mar. 31, 2008) ("[M]ost courts hold that a properly pled copyright infringement claim must allege" these four facts).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

### b. Pleading a copyright infringement claim

A claim for copyright infringement has two main elements: (1) ownership of a valid copyright, and (2) actionable copying by the defendant. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). Many courts require a copyright plaintiff to allege "(1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright." *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *see also Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, CIV.A. 07-2253-DJW, 2008 WL 917507, at *2 (D. Kan. Mar. 31, 2008) ("[M]ost courts hold that a properly pled copyright infringement claim must allege" these four facts).

Even courts that do not interpret Rule 8 as requiring the standard set forth above still require the copyright plaintiff to provide sufficient detail of its claims. *See Marshall v. McConnell*, CIV.A. 3:05-CV-1062L, 2006 WL 740081, at *4 n.4 (N.D. Tex. Mar. 23, 2006) (dismissing copyright allegations akin to SAS's vague allegations because they "d[id] not meet the minimal standard set forth in Rule 8(a). Requiring a party to state allegations that meet this standard in no way runs contrary to notice pleading under Rule 8(a). In reality, such practice complements Rule 8(a) in that it fairly puts the opposing party on notice of the claims being asserted against it.").

### III. ARGUMENT

SAS's complaint fails to identify a single registered copyright that Defendants allegedly infringe or when any alleged infringement within the limitations period occurred. The deficiencies of SAS's copyright allegations, alongside the winding history of this dispute, prolong resolution

of preclusion defenses, which almost certainly will apply based on SAS twice bringing (and losing) its similar claims.

      a.    **SAS fails to allege ownership of any specific registered copyrights that Defendants allegedly infringe.**

SAS has not alleged that it has a copyright registration with respect to the copyrights in this suit because it does not say which copyrights are at issue in this suit. Nor does it allege that its claims are limited to registered copyrights. "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411. "If a plaintiff does not have a copyright registration, her claim may be dismissed for failure to state a claim . . . ." *Real Estate Innovations, Inc. v. Hous. Ass'n of Realtors, Inc.*, 422 F. App'x 344, 348 (5th Cir. 2011). Thus, SAS's failure to identify its registered copyrights warrants a dismissal of its copyright infringement claims.

SAS does allege that it registers versions of its manuals and software with the Copyright Office to protect its intellectual property. Dkt. 1 at ¶ 36. SAS adds that its software and manuals "are subject to well over 100 Copyright Registrations, each duly registered with the United States Copyright Office." *Id*. at ¶ 72. But SAS alleges nothing further. Absent from the complaint are the identities of any asserted copyrights—SAS provides no registration numbers or dates and attaches no copies of the registrations to its complaint. SAS never identifies which—if any—of its "well over 100 Copyright Registrations" are at issue in this lawsuit. *Id*. SAS never even claims that any of these registered copyrights are the ones that Defendants allegedly infringe.

A plaintiff must allege valid registration of the copyrights at issue in the case to maintain a copyright infringement suit. *See Real Estate Innovations*, 422 F. App'x at 348 (affirming dismissal for failure to state a claim where plaintiff's proof of copyright registration was limited

to a different software than the software defendant allegedly infringed). SAS has not done so. This Court has dismissed copyright claims for the exact pleading defect here—not identifying any registered copyrights at issue in the case. *Johnson v. Zuckerberg*, 2:17-CV-00261-JRG-RSP, 2017 WL 5468295, at *2 (E.D. Tex. Oct. 10, 2017) (Payne, M.J.), *report and recommendation adopted*, 2017 WL 5257043 (E.D. Tex. Nov. 9, 2017) (Gilstrap, J.) (dismissing copyright infringement claims where "Plaintiff cannot assert a copyright against Defendant since she does not identify any registered copyrights."). In short, courts dismiss copyright claims with similarly vague allegations of copyright ownership because they do not meet federal pleading standards. *Marshall*, 2006 WL 740081 at *4 (dismissing copyright claims alleging infringement of "certain [of plaintiff's] legal treatises and forms" because such vague allegations "could relate to any number of documents pertaining to . . . business plans and operations allegedly copyrighted by [plaintiff].").

SAS's failure to identify the copyrights at issue is especially inexplicable in light of SAS's complaint in its earlier lawsuit in North Carolina. *Compare* Ex. 1, E.D.N.C. No. 5:10-CV-25, Dkt. 1-2 (SAS's list of nearly 100 of the Manuals' copyrights attached to its North Carolina complaint), *and* Ex. 2, E.D.N.C. No. 5:10-CV-25, Dkt. 1 (SAS's North Carolina complaint, identifying the copyright registration dates and numbers of specific versions of SAS software that World Programming allegedly infringed), at ¶ 36, *with* Dkt. 1 (SAS's complaint in this action, with no mention of any specific copyright). SAS may not wish to make clear that it is suing on the very same copyrights at issue in the North Carolina litigation—or maybe SAS has not yet decided what copyrights it may plan to claim are infringed. But in failing to provide these allegations, SAS fails to allege the fundamental foundation of a copyright infringement claim—identification of the registered copyright at issue. SAS's copyright infringement claims must be dismissed.

      **b.    SAS fails to allege by what acts and during what time Defendants allegedly infringed SAS's copyrights, as required by the Federal Rules.**

SAS's pleading deficiencies are not limited to its failure to identify any registered copyrights; SAS also fails to identify what acts constitute infringement and when any such acts occurred. To satisfy the federal pleading standards, a copyright plaintiff must allege "by what acts and during what time the defendant has infringed the copyright." *Sefton*, 201 F. Supp. 2d at 747. The most basic federal pleading requirements demand certain specificity from a copyright infringement claim, a goal served by requiring allegations of *what* Defendants did that allegedly constitutes infringement and *when* they allegedly did it. *See Marshall*, 2006 WL 740081 at *4 n.4. Further, such details would determine whether SAS has alleged *actionable* copying, *Bridgmon*, 325 F.3d at 576, because infringement is actionable only if it is within the three-year limitations period. 17 U.S.C. § 507(b). By omitting any specific acts and providing specific time periods only for its allegations about long-ago conduct—before even the U.K. and North Carolina cases—SAS's complaint lacks this requisite specificity.

SAS's First Cause of Action for direct copyright infringement exemplifies how the complaint falls short of these federal pleading standards. SAS alleges that Defendants are "reproducing, distributing, displaying, selling, and/or creating derivative works of the SAS System." Dkt. 1 at ¶ 256. Yet in its headline cause of action, SAS does not identify a single specific act through which Defendants infringe or a single specific product that allegedly infringes. The similarly deficient copyright claims in *Marshall v. McConnell*, which the court held did not satisfy the pleading requirements of Rule 8, illustrate the point. 2006 WL 740081 at *4. There, a copyright plaintiff alleged infringement of "certain [of its] legal treatises and forms" and included only "blanket references to 'copying, using and/or incorporating.'" *Id*. The court found the complaint did not meet Rule 8's most basic pleading requirements. *Id*. For the same reason the

*Marshall* allegations failed, SAS's allegations fail; SAS, like the *Marshall* plaintiff, makes nothing more than blanket references to reproducing, displaying, selling, and creating "derivative works," without identifying these "derivative works" or explaining how they infringe.

Adding to the defective nature of SAS's allegations and further justifying dismissal, SAS does not state when Defendants allegedly infringed. In *National Business Development Services, Inc. v. American Credit Education & Consulting Inc.*, for example, the Sixth Circuit agreed with the district court's dismissal of a copyright complaint alleging merely that infringement occurred "[a]t some time in the past." 299 F. App'x 509, 511 (6th Cir. 2008). Under *Twombly*, the court said, the complaint lacked the requisite specificity. *Id*. at 511–12. Just as that complaint was deficient, so too is SAS's complaint, because it only vaguely asserts that Defendants infringe, without attaching any dates or timeframe to this allegation. Even general allegations about the time period, which SAS does not provide here, are insufficient. *See, e.g.*, *Mahnke v. Munchkin Prods., Inc.*, 99-CIV-4684-LTS-THK, 2001 WL 637378, at *5 (S.D.N.Y. June 7, 2001) (granting motion to dismiss copyright infringement claim even where, liberally construed, the plaintiff may have alleged some infringement within the limitations period, because the plaintiff had not specified the dates or time frame of the infringement). SAS's threadbare allegations do not withstand scrutiny under *Twombly* and *Iqbal*.

SAS identifies two dates when the alleged infringement occurred—in 2003 and 2008. Dkt. 1 at ¶¶ 2, 42, 51, 53. But SAS cannot rely on conduct occurring on these dates in attempting to provide the requisite specificity for its copyright claims because these allegations are outside the three-year limitations period. Because these dated allegations occurred long before the three-year limitations period ended, they cannot show actionable infringement, and a claim relying exclusively on such facts fails. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011)

(dismissal of copyright claims on limitations grounds is appropriate "where it is evident from the complaint that the action is barred" (internal quotations and alterations omitted)). In addition, these dated allegations appear to be identical to those that SAS already unsuccessfully litigated in the U.K. and North Carolina. Similarly, SAS cannot rely on conduct occurring outside the United States in attempting to plead its infringement claim because "'copyright laws generally do not have extraterritorial application.'" *Jaso v. Coca Cola Co.*, 537 F. App'x 557, 560 (5th Cir. 2013) (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)). To the extent SAS's complaint relies on actions occurring outside the U.S., such allegations cannot identify by what acts and during what time Defendants infringed because these allegations are not actionable under the Copyright Act. *See id*.

Beyond these now-expired allegations, SAS does not allege "during what time the defendant has infringed the copyright." *Sefton*, 201 F. Supp. 2d at 747. Perhaps SAS has not done so because its claim is time-barred, or perhaps to try to mask the preclusion issues raised by this third copyright action. Regardless of the reasons for its failures, SAS has either pleaded claims barred by limitations, *Jaso*, 435 F. App'x at 351–52, or fully omitted the "time [during which] the defendant has infringed the copyright." *Sefton*, 201 F. Supp. 2d at 747. In either event, SAS has not satisfied the federal pleading standards, and its claims must be dismissed.

IV. CONCLUSION

SAS has had three lawsuits and almost nine years to refine its copyright claims. But in its present complaint, perhaps attempting to tiptoe around preclusion doctrines and the statute of limitations that may put an end to SAS's third copyright lawsuit, SAS *still* omits essential elements from its copyright claims. Without allegations identifying the registered copyrights at issue in this lawsuit, and without an allegation of the acts constituting infringement and when these acts

occurred, SAS has not pleaded viable copyright infringement claims. These claims must be dismissed.

| | |
|---|---|
| Dated: October 22, 2018 | Respectfully submitted, |
| | /s/ Timothy S. Durst |
| T. John "Johnny" Ward Jr. | Timothy S. Durst |
| SBN: 00794818 | SBN: 00786924 |
| jw@wsfirm.com | tim.durst@bakerbotts.com |
| Andrea L. Fair | Susan Kennedy |
| SBN: 24078488 | SBN: 24051663 |
| andrea@wsfirm.com | susan.kennedy@bakerbotts.com |
| WARD, SMITH & HILL, PLLC | BAKER BOTTS L.L.P. |
| P.O. Box 1231 | 2001 Ross Avenue |
| Longview, TX 75606 | Dallas, TX 75201 |
| (p) 903-757-6400 | (p) 214-953-6500 |
| (f) 903-757-2323 | (f) 214-953-6503 |
| | |
| | Christopher V. Ryan |
| | SBN: 24037412 |
| | chris.ryan@bakerbotts.com |
| | Syed K. Fareed |
| | SBN: 24065216 |
| | syed.fareed@bakerbotts.com |
| | BAKER BOTTS L.L.P. |
| | 98 San Jacinto Blvd. |
| | Austin, TX 78701 |
| | (p) 512-322-2500 |
| | (f) 512-322-2501 |
| | |
| | **ATTORNEYS FOR DEFENDANT WORLD PROGRAMMING LIMITED** |

## CERTIFICATE OF SERVICE

A true and correct copy of this document has been served on October 22, 2018, to all counsel of record who are deemed to have consented to electronic service though the Court's CM/ECF system.

/s/ Timothy S. Durst
Timothy S. Durst