IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SAS INSTITUTE INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:18-CV-00295-JRG |
| § | |
| WORLD PROGRAMMING LIMITED, § | |
| LUMINEX SOFTWARE, INC., YUM! § | |
| BRANDS, INC., PIZZA HUT, INC., § | |
| SHAW INDUSTRIES GROUP, INC., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Defendant World Programming Limited's ("WPL") Motion to Dismiss Plaintiff SAS Institute Inc.'s ("SAS") Copyright Infringement Claims (Dkt. No. 46), which is joined by the remaining Defendants: Luminex Software, Inc. ("Luminex"); Yum! Brands, Inc. ("Yum"); Pizza Hut, Inc. ("Pizza Hut"); and Shaw Industries Group, Inc. ("Shaw") (Dkt. No. 47). Having considered the parties' positions and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **DENIED**.

I.  **BACKGROUND**

SAS brings suit alleging that WPL, a company based in the United Kingdom, has created a clone of SAS's business analytics software (the "SAS System"). (Dkt. No. 1 ¶¶ 2, 7.) SAS alleges that, in conjunction with certain resellers, such as Luminex, WPL sold its alleged clone (the "WPS System") to customers in the United States, including Yum, Pizza Hut, and Shaw. (*Id.* ¶¶ 3, 12–15, 63–64, 70.) The licensing and use of the WPS System, SAS contends, infringes certain patents and copyrights owned by SAS. (*Id.* ¶¶ 6, 63.)

WPL—joined by Luminex, Yum, Pizza Hut, and Shaw—argues that SAS has failed to plead with sufficient particularity to state claims for copyright infringement and seeks dismissal of those claims. (Dkt. Nos. 46, 47.)

## II.   LEGAL STANDARD

A party may move to dismiss a claim for failure to state a claim for relief. FED. R. CIV. P. 12(b)(6). "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* FED. R. CIV. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thompson*, 764 F.3d at 503 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "accept all well-pleaded facts as true and view [them] ... in the light most favorable to the plaintiff." *Thompson*, 764 F.3d at 503 (citing *Iqbal*, 556 U.S. at 678).

## III.   ANALYSIS

### A. Copyright claims are not subject to a heightened pleading standard.

As an initial matter, the parties disagree on what is required to state a claim for copyright infringement. WPL argues that SAS must allege: (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright. *E.g.*, *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001). (*See* Dkt. No. 46, at 7.) SAS responds that the courts within the 5th Circuit have consistently held that a plaintiff need only plead: "(1) ownership of a valid copyright; and (2) copying constituent elements

of the work that are copyrightable." *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 791 (5th Cir. 2017). (*See* Dkt. No. 58, at 3.)

WPL has failed to "point to any Fifth Circuit or Supreme Court authority, and the court is aware of none, applying a heightened pleading standard for copyright infringement." *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-cv-1651-L, 2016 WL 4944370, at *12 (N.D. Tex. Sept. 16, 2016); *accord AK FortySeven Records Ltd. Co. v. Bahamas Ministry of Tourism*, No. 4:17-cv-3750, 2018 WL 1877020, at *2 (S.D. Tex. Apr. 19, 2018). Should the Fifth Circuit wish to depart from the standard it espoused as recently as 2017, that prerogative lies with the Fifth Circuit and not this Court. Absent such guidance, the Court finds that SAS need only plead ownership of a valid copyright and copying of constituent elements of the work that are copyrightable.

### B. SAS has sufficiently plead a claim for copyright infringement.

WPL argues that SAS has failed to allege (1) ownership of valid copyrights (Dkt. No. 46, at 8) and (2) acts of infringement (*Id.* at 10). However, the Court finds that SAS's allegations are sufficient in both regards.

#### 1. Ownership of a valid copyright

WPL argues that SAS has failed "to allege ownership of any specific registered copyrights." (Dkt. No. 46, at 8.) However, SAS alleges that "the SAS System, in its various releases and iterations with updates, and including the SAS Learning Edition and the SAS Manuals, are subject to well over 100 Copyright Registrations, each duly registered with the United States Copyright Office." (Dkt. No. 1 ¶ 72.) SAS similarly alleges that it protects the SAS System by "registering versions of its manuals and its software licensed to the public with the

3

United States Copyright Office." (*Id.* ¶ 36.) Viewed in the light most favorable to SAS, these allegations establish ownership of valid copyrights. *Iqbal*, 556 U.S. at 678.

Indeed, even under the heightened pleading standards entertained in *Sefton*, SAS's allegations would be sufficient. In *Sefton*, the court rejected the defendants' arguments that "Plaintiff has not specified which of his [works] were allegedly infringed" and that "Plaintiff has failed to plead that all of the allegedly infringed works have a copyright registration." 201 F. Supp. 2d at 747. The *Sefton* court found that "Plaintiff has provided copies of a portion of the works at issue and copies of [Defendants' works] that show the alleged infringement." *Id.* Moreover, "Plaintiff alleged in his complaint that he has complied with all copyright laws and that he owns all rights to the [works] that are the subject of this suit." *Id.* at 748. Accordingly, the court found the allegations sufficient to put the defendants on notice of the plaintiff's copyright claim and sufficient to plead registration of the works at issue. *Id.* at 747–48. Similarly, here, SAS has provided several examples of its own works juxtaposed with WPL's allegedly infringing copies (Dkt. No. 1 ¶¶ 128–48.) It has alleged that these works are subject to copyright registrations. (*Id.* ¶¶ 36, 72.) The Court finds that these allegations would be sufficient even under the standards relied upon in *Sefton*.

2. **Acts of infringement**

WPL next argues that SAS has failed to allege acts of infringement. (Dkt. No. 46, at 10.) Particularly, WPL disputes whether SAS has alleged infringement that occurred within the United States and within the 3-year limitations period. (*Id.* at 11–12.)

SAS has alleged that the infringing WPS software is regularly provided, sold, and offered in the State of Texas (Dkt. No. 1 ¶¶ 9–12.); that this software is used by customers who have their principal places of business in the United States (*id.* ¶¶ 13–16.); and that, when these customers

license and use WPS, "they make copies and derivative works of the infringing WPS software, and therefore wrongfully copy the SAS System" (*id.* ¶ 63). These allegations are sufficient to allege acts of infringement within the United States.

Moreover, while SAS alleges that WPL hatched its plan to "create a clone of SAS software" in 2003 (*id.* ¶ 42) and improperly accessed the SAS System in 2003 (*id.* ¶ 51) and 2008 (*id.* ¶ 53), SAS also alleges that acts of infringement occur any time WPS software is licensed or used (*id.* ¶ 63). SAS's allegations regarding injunctive relief similarly indicate that infringement is present and ongoing. (*Id.* ¶¶ 261, 271, 282.) Thus, the Court finds that SAS has sufficiently alleged acts of infringement that occurred within the United States and within the limitations period.

Again, the Court finds that even under the standard utilized in *Sefton*, SAS's complaint would still be sufficient. The court in *Sefton* found that the plaintiff's allegations that infringement occurred on a date outside the limitations period and "periodically at different times after that date" were sufficient in light of the attached pages of the defendants' website showing allegedly infringing images. 201 F. Supp. 2d at 748. Here, SAS has identified the products it alleges infringe its copyrights on the SAS System and has alleged that these products are regularly provided, offered, and sold in the United States. The Court finds that these allegations would be sufficiently specific even under the *Sefton* standard.

**C. Prior SAS–WPL litigation has no bearing on WPL's motion to dismiss.**

WPL's motion to dismiss includes a lengthy discussion of the prior litigation between SAS and WPL in the United Kingdom and in North Carolina. (Dkt. No. 46, at 2–5.) WPL argues that these protracted legal battles "highlight the importance of SAS abiding by Rule 8 in this case." (Dkt. No. 63, at 5.) Additionally, WPL contends that "SAS's complaint does not pass muster under

5

Rule 8" because it "lack[s] details to allow [WPL] to compare the current allegations" to claims asserted in the prior lawsuits. (*Id.*)

The history of prior litigation between WPL and SAS has no bearing on whether SAS has met the pleading requirements of Rule 8 in this case. WPL points to no authority, and the Court is aware of none, in support of the proposition that serial litigants should, for that reason, face a higher pleading standard or that Rule 8 requires a plaintiff to plead detail sufficient to determine whether the claims pled overlap with prior litigation.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that SAS has alleged facts sufficient to state its claims for copyright infringement. Accordingly, WPL's Motion to Dismiss Plaintiff SAS Institute Inc.'s Copyright Infringement Claims (Dkt. No. 46) should be and hereby is **DENIED**. For the same reasons, the remaining Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff SAS Institute Inc.'s Copyright Infringement Claims (Dkt. No. 47), joining and incorporating by refence WPL's motion, likewise is **DENIED**.

**So ORDERED and SIGNED this 4th day of April, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE