IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SAS INSTITUTE INC., <br><br> Plaintiff, <br><br> v. <br><br> WORLD PROGRAMMING LIMITED; LUMINEX SOFTWARE, INC. <br><br> Defendants. | Civil Action No. 2:18-CV-00295-JRG <br><br> **Jury Trial Demanded** |

## WORLD PROGRAMMING LIMITED AND SAS INSTITUTE INC.'S RENEWAL OF THEIR JOINT MOTION TO CONTINUE TRIAL SETTING [DKT. 333]

World Programming Ltd. ("WPL") and SAS Institute Inc. ("SAS") hereby renew their Joint Motion to Continue Trial Setting (Dkt. 333, "Motion"), filed on May 18, 2020. On May 22, 2020, the Court denied the parties' Motion without prejudice. The Court found that it was premature to continue the trial setting at that time, but noted that "the parties are free to seek similar relief at a later date, if the present impediments do not abate or are otherwise modified/lifted." Dkt. 354 at 2. The parties have continued to expeditiously pursue their cases while closely tracking the global pandemic and relevant government orders concerning travel restrictions and lockdowns. Despite the parties' strong desire to try this case on July 6, 2020, the problem has not improved.[1] In light of the fast-approaching July 6, 2020 trial setting and the absence of any changes to the impediments described in the Motion, WPL and SAS respectfully adopt the arguments and evidence cited in the Motion, renew the Motion, and request that the

---

[1] Though the parties appreciate that many cases settle, often close to trial when the pressures of facing a judge and jury are imminent, because this is a competitor case and is of substantial import to WPL (including because SAS seeks an injunction), there are no prospects of settlement between SAS and WPL.

1

Court continue the trial setting by ninety days. The parties believe this is the appropriate time for renewing their motion in light of the jury trial setting in 30 days, the need to make trial arrangements, and nonrefundable investments that must be made for vendor and lodging, including nonrefundable hotel reservations deadline of June 12.

The current COVID-19 pandemic continues to create an obstacle preventing World Programming from bringing a single fact witness or a corporate representative to trial. Dkt. 333 at 3-8. The President's March 14, 2020 Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (Proclamation 9993) remains in full effect. This order prohibits entry into the United States by non-citizens who were physically present within the United Kingdom at any point during the 14 days prior to the attempted entry. All of WPL's non-expert witnesses fall within this class of banned travelers. As described in the Motion, WPL's ability to present its live witnesses is critical to its ability to defend itself and address complex issues surrounding allegations of copying. Dkt. 333 at 6-7. SAS agrees that requiring one party to try this case without any live fact witnesses or corporate representative is highly prejudicial. *Id.* at 1.

Given the typical practice of witnesses arriving 5-7 days before a trial begins, and the further buffer time needed for witnesses who have intercontinental time zone adjustments to contend with, there is no indication that Proclamation 9993 will be lifted such that WPL's witnesses could travel from Europe to the United States in time to prepare for and attend the July 6, 2020 trial in Marshall. No official government reports have set a timetable for when Proclamation 9993 will be lifted. And to the extent it is lifted, no reports have indicated the scope of such changes, including whether travel from certain European countries will remain prohibited. With just over three weeks before attorneys and witnesses would need to arrive in

Marshall, and 30 days before the jury is to be empaneled, WPL has little hope that the circumstances will materially change in a way that would permit its witnesses to travel to the United States to prepare for and attend trial in the coming weeks.

Although WPL's ability to present live witnesses on the current trial setting is, at this stage, an impossibility, recent reports have given the parties hope that a short trial continuance is all that will be needed here. News reports indicate some easing on travel restrictions may be forthcoming later this summer.[2] Thus, whereas the parties' original Motion envisioned the potential need to seek a further continuance, *see* Dkt. 33 at n.1, the shift that appears to be happening around the globe, away from lockdowns and toward reopening travel and workplaces, is promising. Absent a drastic change in this momentum, the parties have reason to believe that this continuance need happen only once.

Therefore, the parties submit that good cause exists to modify the current trial setting by 90 days, until October 2020 or as soon thereafter as the Court's schedule permits. In light of the foregoing, WPL and SAS respectfully request that the Court continue the July 6, 2020 trial setting by 90 days. SAS respectfully requests that the Court continue the pretrial conference to align with the new trial setting, and World Programming does not oppose such request. The parties further request permission to submit status reports to the Court every thirty days to apprise the Court of any developments concerning the international travel ban, and other related issues to the extent necessary.

---

[2] *See, e.g.*, https://www.forbes.com/sites/tamarathiessen/2020/05/28/us-travel-trump-says-europe-arrivals-soon-welcome/#3169bb9b690f ("Speaking of the new Brazil flight ban on Wednesday, President Trump indicated the Europe travel restrictions will soon ease. At least for some arrivals. Travelers coming from countries with low Covid-19 risk profiles will be given the green light first he hinted."); https://www.usnews.com/news/world/articles/2020-06-03/germany-to-lift-travel-ban-in-europe-from-june-15 (Discussing proposals to ease intra-European travel bans this summer).

| Dated: June 5, 2020 | */s/ Bradley W. Caldwell* |
|---|---|

**CALDWELL CASSADY CURRY, P.C.**

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Caldwell Cassady Curry P.C.
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

ATTORNEYS FOR DEFENDANTS WORLD PROGRAMMING LIMITED, LUMINEX SOFTWARE, INC., YUM! BRANDS, INC., PIZZA HUT, INC. AND SHAW INDUSTRIES GROUP, INC.

**WARD, SMITH & HILL, PLLC**

T. John "Johnny" Ward Jr. Texas Bar No. 00794818 jw@wsfirm.com
Claire Henry
Texas Bar No. 24053063
claire@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
andrea@wsfirm.com
P.O. Box 1231 Longview, TX
75606 903-757-6400
903-757-2323 (Facsimile)

ATTORNEYS FOR DEFENDANT WORLD PROGRAMMING LIMITED

*/s/ Pressly M. Millen (with permission)*
Pressly M. Millen (admitted pro hac vice)
Raymond M. Bennett (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-2135
Press.Millen@wbd-us.com
Telephone: 919.755.2158
Ray.Bennett@wbd-us.com

Christian E. Mammen (admitted pro hac vice)
 Carrie J. Richey
**WOMBLE BOND DICKINSON (US) LLP**
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (408) 341-3067
Chris.Mammen@wbd-us.com
Telephone: (408) 341-3060
Carrie.Richey@wbd-us.com

Samuel B. Hartzell (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2112
Fax: 919-755-6772
Sam.Hartzell@wbd-us.com

Michael C. Smith
Texas Bar No. 18650410
**SIEBMAN, FORREST, BURG & SMITH, LLP**
113 E. Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michaelsmith@siebman.com

ATTORNEYS FOR PLAINITFF SAS INSTITUTE INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A) on June 5, 2020.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell