FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SAS INSTITUTE INC., <br><br> Plaintiff, <br><br> v. <br><br> WORLD PROGRAMMING LIMITED, *et al*., <br><br> Defendants. | Civil Action No. 2:18-CV-00295-JRG <br><br> **Jury Trial Demanded** <br><br> FILED UNDER SEAL <br> PUBLIC VERSION |

**WORLD PROGRAMMING LIMITED'S MOTION FOR LEAVE TO SERVE DEPOSITION UPON WRITTEN QUESTIONS SUBPOENA ON LUMINEX SOFTWARE, INC.**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# TABLE OF CONTENTS

I.   INTRODUCTION AND RELEVANT FACTS............................................................ 2

II.  LEGAL STANDARD .................................................................................................. 4

III. GOOD CAUSE EXISTS TO TAKE LUMINEX'S WRITTEN DEPOSITION. ............ 4

    A.  The Relevant Discovery WPL Seeks From Luminex Was Not Available Prior To The Close Of Fact Discovery. .................................................................. 4

    B.  The Relevant Discovery WPL Seeks From Luminex is Important To Issues of the Settlement Agreement, SASI's Credibility, and WPL's Counterclaims. ............ 5

    C.  SASI Is Not Prejudiced By Allowing Luminex's Written Deposition Because The Discovery Sought Is Focused, Short, And Not Surprising to SASI. ................. 8

    D.  No Continuance Is Necessary To Allow Luminex's Written Deposition.................. 9

IV.  CONCLUSION ............................................................................................................ 9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Martin*
    No. 2:08CV400, 2010 WL 11531257 (E.D. Tex. June 29, 2010) ....................... 4

*Grant v. City of Houston*
    625 F. App'x 670 (5th Cir. 2015)...................................................................... 4

*Mendez v. Joeris Gen. Contractors, Ltd.*
    No. SA-12-CA-0608-XR, 2013 WL 5441775 (W.D. Tex. Sept. 27, 2013) ....... 5

*Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*
    No. CIV.A. H-10-1708, 2011 WL 2193294 (S.D. Tex. June 6, 2011).............. 4

*Squyres v. Heico Cos.*
    782 F.3d 224 (5th Cir. 2015) ........................................................................... 4

**Rules**

Fed. R. Civ. P. 16(b)(4)............................................................................................ 4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendant World Programming Limited ("WPL") hereby files this Motion For Leave To Serve Deposition Upon Written Questions Subpoena On Luminex Software, Inc. ("Luminex"). For the reasons stated below, good cause exists to allow WPL to conduct limited yet relevant discovery after the close of the fact discovery deadline.

WPL's counterclaims in this case arise in part on SAS Institute, Inc.'s ("SASI") anticompetitive conduct in sowing fear, uncertainty, and doubt amongst WPL's customers and partners by making accusations of intellectual property violations against them not to seek any remedy for those alleged violations but instead to cease dealing with WPL. SASI's litigation conduct and settlement related to Luminex is the latest iteration of such conduct; SASI sued Luminex, ignored them for years, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ so that the jury would not be faced directly with SASI's competitive bullying of a Defendant who had not even sold an allegedly infringing product. To further hinder the jury's truth-finding mission, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ SASI extracted this agreement while forbidding Luminex to involve its outside counsel as a precondition to negotiating the deal. The agreement was also entered into well after the close and fact and expert discovery in this case, meaning that, without leave to serve additional discovery, any testimony from Luminex about the circumstances of its settlement agreement may well be ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

These circumstances make this Motion necessary. Though WPL did not initially believe discovery from Luminex into the settlement would be needed, recent developments have dictated otherwise. In an attempt to overcome the potential prejudice of SASI presenting an unrebutted version of the Luminex story at trial, WPL asked SASI if it would agree not to present

1

speculation at trial concerning what *Luminex's* motivations were when entering into the Settlement Agreement. SASI would not agree—indicating that SASI intends to mischaracterize the Luminex Settlement Agreement at trial if given the chance. Given SASI's apparent intentions and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ WPL believes that a subpoena is necessary so that the jury can know Luminex's side of the story. In order to minimally impact the schedule and minimize any potential prejudice to SASI, WPL seeks only a deposition upon written questions of Luminex. *See* Ex. A.

## I. INTRODUCTION AND RELEVANT FACTS

Luminex settled its portion of this case with SAS Institute Inc. on May 29, 2020 (Dkt. No. 399), although Luminex has not yet been officially dismissed by the Court. As discussed in Luminex's Motion to Dismiss, this delay in dismissal is due to SASI's counsel's improper settlement negotiation tactics, including preconditioning settlement on Luminex's agreement to discuss settlement terms without its lawyers present and demanding that Luminex join a procedurally improper dismissal before then conditioning Luminex's dismissal on *WPL's* waiver of rights. *Id.*

As SASI set forth in the parties' Joint Pretrial Order filed on June, 29, 2020, SASI contends that "WPL's counterclaims are not viable claims, [] SAS is not liable under any of WPL's counterclaims, and WPL is not entitled to any relief under any of its asserted counterclaims." Dkt. No. 408 at 5. Yet WPL's counterclaims allege that SASI is pursuing this litigation for an improper purpose—including by suing WPL's past customers and resellers in an effort to spook the marketplace away from doing business with WPL, while never intending to actually pursue those claims, seek damages, or prove a case against those customers and resellers.

Luminex was one reseller entangled in SASI's scheme. SASI never sought to depose a Luminex employee, never served any electronic document requests for Luminex's records, and never pursued its claims against Luminex. Consistent with WPL's pleaded counterclaims, it appears that SASI simply named Luminex in its complaint and then settled it out after the close of fact and expert discovery, just as SASI has done with the other co-defendants in this case. Given these circumstances, certain provisions of the Settlement Agreement became concerning to WPL, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

While WPL would have been reluctantly willing to let the record stand as is if SASI agreed to refrain from offering evidence or argument at trial related to *Luminex's* motivations for entering into the settlement agreement, SASI refused to make such a concession. In other words, SASI would like to leave open the possibility of portraying its ■■■■■■■■■■■■■■■■■■■■■ as something that it is not, such as a tacit admission of copyright liability or finger pointing to WPL as the bad actor. WPL expects, however, that the testimony of Luminex would reveal that such speculation has no basis in fact.

In order to address these concerns and present an accurate representation of the settlement agreement to the jury, WPL seeks to serve 35 targeted questions. The first five address basic background information of the witness and of Luminex, and the remaining thirty questions ask about the circumstances surrounding the Settlement Agreement, Luminex's motivations for entering into the Settlement Agreement and Paragraph 5, and Luminex's interactions with SASI. *See* Ex. A.

Upon the showing of good cause below, WPL respectfully asks this Court for leave to serve a subpoena on Luminex for a narrowly tailored deposition upon written questions to obtain

discovery relevant to the circumstances surrounding its settlement, the May 29, 2020 Settlement Agreement with SASI, as well as WPL's counterclaims.

## II.     LEGAL STANDARD

A party may conduct additional fact discovery after the scheduling order deadline upon a showing of "good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  The Fifth Circuit considers four factors when establishing whether a party has shown good cause: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015) (citing *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015).

## III.    GOOD CAUSE EXISTS TO TAKE LUMINEX'S WRITTEN DEPOSITION.

### A. The Relevant Discovery WPL Seeks From Luminex Was Not Available Prior To The Close Of Fact Discovery.

"New information" discovered by a party is "good cause to amend under Rule 16." *See Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. CIV.A. H-10-1708, 2011 WL 2193294, at *5 (S.D. Tex. June 6, 2011); *see, e.g. Alexander v. Martin*, No. 2:08CV400, 2010 WL 11531257, at *1-2 (E.D. Tex. June 29, 2010) (granting party's motion for leave to take a second deposition of a third-party in light of "new evidence" available after the party took the third-party's first deposition).  Here, fact discovery concluded on February 24, 2020 (Dkt. No. 246), three months prior to the Settlement Agreement of May 29, 2020 (*See* Ex. A) and two months prior to SASI initiating settlement negotiations.  Because SASI did not settle with Luminex until well after the close of fact and expert discovery,[1] like in *Alexander*, WPL could not have discovered the new evidence WPL is seeking from Luminex within the time restrictions

---

[1] Expert discovery closed on April 20, 2020. *See* Dkt. 258.

4

imposed by the Court's Docket Control Order.

WPL anticipated that Luminex would be promptly dismissed by SASI in light of the Settlement Agreement such that WPL could seek leave for a third-party subpoena at that time, if necessary. A prompt dismissal did not happen, however. As explained above, SASI thwarted the agreed-upon settlement term and introduced new provisions into the parties' deal after it had been signed. After more than a week of correspondence between Luminex and SASI counsel did not resolve the matter, SASI, instead of filing an unopposed motion, forced Luminex to file its own Motion to Dismiss on June 9th (Dkt. 395) and Reply Brief on June 17th (Dkt. 406).

### B. The Relevant Discovery WPL Seeks From Luminex is Important To Issues of the Settlement Agreement, SASI's Credibility, and WPL's Counterclaims.

WPL's subpoena for a deposition upon written questions of Luminex is important to this case. The testimony sought is critical to ensure that the jury hears Luminex's positions concerning the Settlement Agreement, not merely SASI's own portrayal of Luminex's positions. In particular, the Settlement Agreement—which was entered into without Luminex's litigation counsel—contains provisions ████████████████████████████████████████ ████████████████████████████████████████ ████████████████. Ex. B at ¶¶ 5-6. SASI has refused to agree not to speculate as to Luminex's motivations when agreeing to these provisions. In other words, SASI is reserving a right to present its own version of why Luminex would agree to such provisions. WPL will be left defenseless against this speculation absent this discovery from Luminex. *See, e.g. Mendez v. Joeris Gen. Contractors, Ltd.*, No. SA-12-CA-0608-XR, 2013 WL 5441775, at *3 (W.D. Tex. Sept. 27, 2013) (finding good cause where the "amendment is important to promote the presentation of the claims and defenses of the case on their merits"). Inquiries relevant to this issue include:

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



WPL's written questions also include inquiries concerning Luminex's alleged infringement and the circumstances surrounding Luminex's rationale for ▮▮▮▮ ▮▮▮▮:

- [6] Has Luminex ever done business with SAS Institute?

- [25] As part of the discussions between Luminex and SAS Institute in May 2020, did SAS Institute ever propose a business or commercial relationship between SAS Institute and Luminex?

- [11] Although SAS Institute sued Luminex for copyright infringement, did SAS Institute's expert, Dr. James Storer, even offer an opinion that Luminex infringed any asserted copyright?

- ▮▮▮▮

- ▮▮▮▮

- [35] Has the existence of SAS Institute's lawsuit caused Luminex to lose out on any commercial opportunities? If so, please explain.

As explained by WPL's damages expert, Mr. Phil Green, the Settlement Agreement is highly relevant to damages. *See* Dkt. 388 (WPL Motion for Leave to Serve Supplemental Damages Report Concerning the Luminex Agreement) ▮▮▮▮ ▮▮▮▮ *See* Ex. C. Should SASI dispute Mr. Green's analysis by suggesting that

6

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

[REDACTED]

Moreover, the short, targeted testimony sought from Luminex is relevant to SASI's credibility in this case. Should SASI present evidence and arguments about Luminex's settlement as a way to persuade the jury on WPL's alleged liability, the testimony of Luminex rebutting such arguments is critical to allowing the jury to assess the weight of SASI's arguments and the credibility of its positions. The discovery is also relevant to WPL's counterclaims. WPL's counterclaims allege that SASI is pursuing this litigation for an improper purpose. SASI's approach to Luminex and Luminex's views of the negotiations are strong evidence of such improper conduct on the part of SASI.

Finally, as explained above, though Luminex's Eric Christensen is on WPL's witness list, SASI contractually [REDACTED] Ex. B at ¶ 6. Luminex's witnesses are outside subpoena power of the Court. Thus, SASI has erected a scenario by which WPL may be unable to introduce live testimony of any Luminex witness—should SASI consider such testimony "voluntary assistance to WPL"—to explain Luminex's dealings with SASI, the Settlement Agreement with SASI, and facts surrounding the circumstances of the Settlement Agreement. Without such testimony, the evidence at trial will be one-sided (at best). SASI would be free to tell whatever story it wishes about the Settlement Agreement, and at the same time prevent any counter-testimony from Luminex to rebut SASI's depictions of that deal.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### C. SASI Is Not Prejudiced By Allowing Luminex's Written Deposition Because The Discovery Sought Is Focused, Short, And Not Surprising to SASI.

SASI is not prejudiced by this deposition upon written questions subpoena on Luminex. First, the deposition questions are short, focused, and narrowly tailored to new information that was not available to WPL until after the discovery deadlines had passed. *See* Ex. B. The discovery mechanism is minimally disruptive in that neither party will be required to travel to a deposition or prepare for live testimony and cross-examination. Moreover, WPL expects that such evidence—which is only now available given SASI's decision to wait until now to settle out Luminex—will provide relevant information in support of WPL's positions and provide critical context to an important agreement in this case. Third, WPL expects that Luminex's Eric Christensen would provide the written responses to the proposed deposition questions. Mr. Christensen is listed on WPL's trial witness list and SASI should not be surprised that his testimony is believed by WPL to be relevant. *See* Dkt. 408 at WPL First Amended Trial Witness List. Finally, because the testimony sought directly pertains to SASI's actions and interactions with Luminex, both in the business context and specific to the recent settlement negotiations, Luminex's opinion and factual testimony will be of no surprise to SASI. SASI should not benefit from sitting on its hands in seeking relevant discovery from a defendant in the case and deciding to initiate settlement negotiations well after the close of discovery in order to shield the full story of that agreement from WPL and from the jury. Further still, SASI should not be heard to claim prejudice ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓ Ex. B at ¶ 7. SASI would suffer no unfair prejudice if the Court were to grant this motion for leave.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### D. No Continuance Is Necessary To Allow Luminex's Written Deposition.

The discovery sought through WPL's subpoena to Luminex for a deposition upon written questions is short, focused, and narrowly tailored to new relevant evidence in light of SASI's actions surrounding settlement negotiations. There is no need for a continuance to accommodate this limited discovery.

### IV. CONCLUSION

Based on the foregoing, good cause exists for this Court to grant leave to allow WPL to serve a subpoena on Luminex for a deposition upon written questions.

| | |
|---|---|
| Dated: July 8, 2020. | */s/ Bradley W. Caldwell* |

**CALDWELL CASSADY CURRY, P.C.**

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Caldwell Cassady Curry P.C.
2121 North Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

ATTORNEYS FOR DEFENDANTS
WORLD PROGRAMMING LIMITED,
LUMINEX SOFTWARE, INC., YUM!
BRANDS, INC., AND PIZZA HUT, INC.

**WARD, SMITH & HILL, PLLC**

T. John "Johnny" Ward Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
andrea@wsfirm.com
P.O. Box 1231
Longview, TX 75606
903-757-6400
903-757-2323 (Facsimile)

ATTORNEYS FOR DEFENDANT WORLD
PROGRAMMING LIMITED

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on July 8, 2020, this document was served on counsel of record by email.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that this document is authorized to be filed under seal pursuant to this case's Protective Order.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for WPL and counsel for SAS have met and conferred in compliance with Local Rule CV-7(h) and that an agreement could not be reached.

*/s/ Warren J. McCarty*
Warren J. McCarty