IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAS INSTITUTE INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:18-CV-00295-JRG |
| WORLD PROGRAMMING LIMITED, | § § § | |
| *Defendant*. | § § § | |

## ORDER AS TO COPYRIGHTABILITY

On the eve of a jury trial in this case, the Court finds before it two opposing motions for summary judgment on copyrightability.  These motions[1] present the Court with the task of having to resolve copyrightability within the framework of Federal Rule of Civil Procedure 56.  As a result, the Court is forced to either find there are no genuine issues of material fact, and grant one of the competing motions, or find there is a material question of fact, in which case it must deny both motions thereby injecting copyrightability into the jury trial and unavoidably making it part of the jury's infringement analysis.  Neither option is faithful to the precedent which the Court finds controlling.

Various authorities hold that copyrightability is at least in part a question of law, reserved for determination by the Court.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1353 n.3 (Fed. Cir. 2014) (collecting cases).  On the other hand, copyright infringement is a question properly placed before the fact finder—in  this case, the jury.  For the jury to make a clear and reliable determination of whether infringement exists as to the asserted non-literal elements of the

---

[1] The "Summary Judgment Motions."  (Dkt. Nos. 264, 272.)

computer software at issue, the Court is persuaded it should take up and decide the issue of copyrightability in a separate evidentiary hearing, not in the restrained posture of a Rule 56 motion. This would be consistent with Circuit precedent holding that copyrightability is at least in part a question of law. *See Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341 (5th Cir. 1994); *Oracle*, 750 F.3d at 1353 n.6 (collecting cases).

Consequently, the Court hereby **ORDERS** that the trial in the above-captioned case is **CONTINUED** from its present trial setting until such a copyrightability hearing before the Court can be held. In light of this continuance and except for SAS Institute Inc.'s Motion for Leave to File Second Amended Complaint (Dkt. No. 210) and World Programming Limited's Motion for Leave to Serve Deposition on Written Questions on Luminex (Dkt. No. 418), the Court **DENIES AS MOOT** the Summary Judgment Motions and all other pending motions in the Court's docket in this case, **WITHOUT PREJUDICE** to refile them at a later and more appropriate date. The Court resets this case for pretrial conference at 9:00 am on **Tuesday, November 24, 2020**, and for jury selection and trial for 9:00 am on **Monday, January 4, 2021**.

The Parties are further **ORDERED** to appear for a copyrightability hearing before the Court on **Wednesday, October 14, 2020**. At such copyrightability hearing the parties will present evidence in support of the abstraction and filtration steps of the abstraction-filtration-comparison ("AFC") test, as addressed in *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 706 (2d Cir. 1992) and later adopted by the Fifth Circuit in *Engineering Dynamics*. 26 F.3d at 1341. It is intended that this hearing will facilitate a determination by the Court as to what is the *core protectable expression*, if any, covered by each asserted work. Should the Court identify any such *core protectable expression*, then such determination will subsequently facilitate an accurate "comparison" as part of the infringement analysis by the jury. Such copyrightability hearing will begin at 9:00am and conclude at 4:00pm on October 14, 2020 in Marshall, Texas.

Each side will have three hours to present evidence and argument to the Court. In advance of such, the parties shall brief the copyrightability issue for each asserted work as follows:

| | |
|---|---|
| SAS Institute Inc.'s ("SAS") Opening Brief (not to exceed 30 pages) | September 7, 2020 |
| World Programming Limited's ("WPL") Responsive Brief (not to exceed 30 pages) | September 21, 2020 |
| SAS's Reply (not to exceed 10 pages) | September 25, 2020 |
| WPL's Sur-Reply (not to exceed 10 pages) | October 2, 2020 |

The above briefing and page limits apply for <u>all</u> asserted works and not for <u>each</u> asserted work.

**So ORDERED and SIGNED this 24th day of August, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE