UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SAS INSTITUTE INC., <br><br> Plaintiff, <br><br> - vs - <br><br> WORLD PROGRAMMING LTD., et al., <br><br> Defendants. | CASE NO. 2:18-cv-00295-JRG |

**MOTION OF NON-PARTY ORACLE CORPORATION FOR
LEAVE TO FILE BRIEF AS AMICUS CURIAE**

Oracle Corporation ("Oracle") hereby seeks leave to file in the above-caption action the *amicus curiae* brief attached hereto as **Exhibit A** (the "Amicus Brief"). The proposed Amicus Brief is filed in support of Plaintiff SAS Institute, Inc. as this Court's ruling on the issues of copyrightability of software and the abstraction-filtration-comparison ("AFC") test will have significance far beyond the parties in this action.[1]

Oracle is one of the world's largest and leading technology companies, providing complete, open, and integrated business software and hardware systems. Its products and services include applications and infrastructure offerings that are delivered worldwide through a variety of flexible and interoperable IT deployment models. In particular, Oracle is chosen by its customers—which include business of many sizes, government agencies, educational institutes, and resellers—for its innovate software, as well as its commitment to investment in and

---

[1] Consistent with Federal Rule of Appellate Procedure 29, no party's counsel authored the Amicus Brief in whole or in part, no party or party's counsel contributed money that was intended to fund preparing or submitting the Amicus Brief, and no person—other than Oracle and its counsel—contributed money that was intended to fund preparing or submitting the Amicus Brief.

innovation with respect to that software. Indeed, in each of the last three years, Oracle invested over $6 billion in research and development to enhance its existing portfolio of offerings and to develop new technologies and services.

"A district court has broad discretion in deciding whether to accept an amicus brief." *City of N.Y. v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997); *see also C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08 Civ. 6459, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (district court has discretion as to whether to accept amicus briefs). Amicus briefs are typically permitted "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)); *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n. 2 (N.D.N.Y. 1995) (amicus briefs should be accepted where they "will aid in the determination of the motion[] at issue."), *aff'd*, 84 F.3d 591 (2d Cir. 1996). Moreover, this Court and others in this District routinely permit non-parties to file briefs as amicus curiae. *See, e.g.*, *Lodsys Grp., LLC v. Brother Int'l Corp.*, No. 2:11 Civ. 00090, 2013 WL 5353004, at *1 (E.D. Tex. Sept. 24, 2013) (Gilstrap, J.) (considering amicus brief); *see also Morgan v. Plano Indep. Sch. Dist.*, No. 4:04 Civ. 447, 2007 WL 397494, at *1 (E.D. Tex. Feb. 1, 2007); *Van Alstyne Indep. Sch. Dist. v. Andre S.*, No. 4:09 Civ. 89, 2010 WL 715560 (E.D. Tex. Feb. 23, 2010); *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04 Civ. 447, 2007 WL 397494 (E.D. Tex. Feb. 1, 2007).

Here, the Amicus Brief provides legal insights on the copyright law issues that this Court intends to decide at the upcoming hearing. Oracle, like others in the software industry, is

actively engaged in protecting its investments in its software and, due to the scope of its products and services has a unique perspective on the importance of protecting software through copyright law. Indeed, copyright forms the backbone of Oracle's (and all other) licensing models. Although patent law remains an important component of modern software companies' intellectual property portfolios, it is copyright law that they increasingly use to protect their software from unauthorized copying. Based on Oracle's experiences, it can provide this Court with insights and perspectives concerning the issues of copyrightability and the AFC test, which will aid the Court in resolving the issues presented by the parties' briefing.

For the foregoing reasons, Oracle respectfully requests that the Court grant its motion for leave to appear as amicus curiae and deem as filed the Amicus Brief attached hereto as Exhibit A. SAS does not oppose Oracle's motion. Although Oracle contacted WPL early this morning, WPL has not indicated its position. Due to the expedited nature of the Court's briefing schedule, Oracle felt it was important to file the motion and Amicus Brief now, rather than waiting for WPL's response.

Dated: September 14, 2020

/s/ Anna G. Rotman
Anna G. Rotman, P.C. (TX Bar No. 24046761)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: 713 836 3600
Facsimile: 713 836 3601
Email: anna.rotman@kirkland.com

*and*

Dale M. Cendali (*pro hac vice* pending)
Joshua L. Simmons (*pro hac* vice pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
United States
Telephone: 212 446 4800
Facsimile: 212 446 4900
Email: dale.cendali@kirkland.com
joshua.simmons@kirkland.com

*Attorneys for Amicus Curiae*
ORACLE CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically via the Court's EM/ECF on September 14, 2020. As a result, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Anna G. Rotman*
Anna G. Rotman